UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC TAYLOR, | |
| Plaintiff, | 24-CV-8317 (LTS) |
| -against- | ORDER OF DISMISSAL UNDER |
| GOV FRATS, et al., | 28 U.S.C. § 1915(g) |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is detained at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, brings this action *pro se*. Because he has not paid the fees to bring this action, the Court understands that he is requesting to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court has previously recognized Plaintiff as barred, under the Prison Litigation Reform Act's ("PLRA") "three-strikes" provision, 28 U.S.C. §1915(g), from filing any new federal civil action IFP while he is a prisoner.[2] The PLRA's three-strikes provision provides that:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] Plaintiff submitted a prisoner authorization but he does not accompany it with an application to proceed IFP.

[2] In *Taylor v. NYPD Auth.*, ECF 1:24-CV-4138, 4 (S.D.N.Y. July 30, 2024), the Court reviewed Plaintiff's prior actions and appeals, as required under *Escalera v. Samaritan Vill.*, 938 F.3d 381-82 (2d Cir. 2019) (per curiam), and confirmed that the dismissals of three of his prior actions and appeals qualify as strikes.

Because Plaintiff has accumulated three strikes while he was a prisoner, he is barred under Section 1915(g) from filing this new civil action IFP unless the complaint shows that he is in imminent danger of serious physical injury. A danger "that has dissipated by the time a complaint is filed" is not an imminent one, *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, the danger must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

Plaintiff's complaint does not show that he is in imminent danger of serious physical injury. Instead, Plaintiff's claims concern a single, discreet incident that occurred before he filed this complaint. Specifically, he alleges that a correction officer at the OBCC pepper-sprayed Plaintiff in the mouth, causing him not to be able to breath for several minutes and to suffer a burning sensation for 15 hours. (ECF 1, at 4.) None of the assertions in the pleading, however, indicate that Plaintiff was under imminent danger of serious physical injury at the time of filing the complaint. He does not, for example, allege any facts suggesting that the event giving rise to his claims was part of an ongoing series of events that placed him in danger at the time he filed the complaint. Plaintiff is therefore barred, under Section 1915(g), from filing this federal civil action IFP.

## CONCLUSION

The Court denies Plaintiff leave to proceed IFP, and dismisses this action without prejudice, under the PLRA's three-strikes provision.[3] 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under

---

[3] Plaintiff may commence a new federal civil action by paying the fees to bring an action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

imminent danger of serious physical injury at the time of filing.[4] *Id.* All other pending matters in this case are terminated.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   November 18, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[4] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).